Gerald Ronnell Leslie and Elizabeth Mae Leslie v. Commissioner.
Leslie v. Commissioner
Docket No. 890-70.
United States Tax Court
T.C. Memo 1972-151; 1972 Tax Ct. Memo LEXIS 106; 31 T.C.M. (CCH) 753; T.C.M. (RIA) 72151; July 13, 1972
*106 Held, petitioners did not prove that they contributed more than one-half of the support of two minor children during the year in issue, and therefore are not entitled to deductions for personal exemptions. Secs. 151(a) and (e) and 152(a), I.R.C. 1954. Gerald Ronnell Leslie, pro se, 2015 N.W. 27 St., Gainesville, Fla. Robert W. Goodman, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined a deficiency in petitioners' income tax for 1966 in the amount of $381. The sole question presented for decision is whether in 1966 petitioner Gerald Ronnell Leslie furnished more than one-half of the support for his two minor children of a prior marriage so as to entitle petitioners to dependency exemptions for those children in that taxable year. Findings of Fact Gerald Ronnell Leslie (hereinafter referred to as petitioner) and Elizabeth Mae Leslie (hereinafter referred to as Elizabeth), husband and wife, were legal residents of Gainesville, Florida, at the time their petition was filed. hey filed their joint income tax return for 1966 with the district director of internal revenue, Oklahoma City, Oklahoma. Petitioner and his former wife, Virginia *107 A. Leslie, were granted a divorce by a decree of the Benton Circuit Court, Benton County, State of Indiana, made and entered of record on September 17, 1962. Before their divorce, petitioner and Virginia had three children, two of whom are Robert Miles Leslie and Pamela Ann Leslie. The decree awarded Virginia the care and custody of Robert Miles Leslie, born June 22, 1955, and Pamela Ann Leslie, born May 22, 1961. The petitioner was ordered and directed to pay to the Clerk of the Benton Circuit Court for the use and benefit of Virginia in the care and maintenance of Robert and Pamela the sum of $140 per month, such payments to be made on the third day of each month. In addition, the decree gave petitioner the right of visitation with the children. In June 1963, petitioner and Virginia jointly petitioned the Benton Circuit Court to allow the removal of the children from Indiana and to further define the visitation rights. Pursuant to this petition, on June 10, 1963, the court modified its earlier decree to permit the children to be removed from Indiana, and redefined petitioner's visitation rights, specifying that he "shall be entitled to have the physical possession" of Robert 754 *108 and Pamela for a period of one month during the summer of each year, beginning with the summer of 1964. In accordance with visitation rights given petitioner by the divorce decree and a later modification thereof, Robert and Pamela visited the petitioners for one month in 1966. They lived for the remainder of the year with their mother and stepfather Ralph Brock after their mother remarried on June 25, 1966. During 1966, petitioner provided the following items of support for Robert and Pamela: Amounts
Items of support
Robert
Pamela
Payments per divorce decree
$ 840.00
$ 840.00
Medical (hospitalization in- surance)
18.70
18.70
Food
31.25
31.25
Vacation trip
107.65
107.65
Clothing
60.00
60.00
Miscellaneous 90.00
90.00
Total support for Robert and Pamela furnished by peti- tioner
$1,147.60
$1,147.60
During 1966, the children's mother and stepfather Ralph Brock provided at least the following support for Robert and Pamela: Amounts
Items of support
Robert
Pamela
Food
$ 720.57
$ 720.57
Baby-sitting
591.00
591.00
Social Security for baby- sitter's wages
47.92
47.92
Clothing
296.00
360.04
Medical
135.97
87.82
Education
120.79
.34
Lodging, including utilities
1,175.00
1,175.00
Miscellaneous 251.91
195.05 $3,339.16
$3,177.74
Less: support payments fur- nished by petitioner under court decree
840.00
840.00
Total support for Robert and Pamela furnished by mother and stepfather
$2,499.16
$2,337.74
*109 The children's mother, Virginia, worked during the year 1966 and a "baby-sitter" would arrive before 8 a. m. and remain until 5:30 p. m. or later. Sometimes she stayed evenings. She was employed by Virginia the entire year. Robert was in school but had to come home for lunch as there was no cafeteria at the school he attended. The baby-sitter prepared Robert's lunch for him. Pamela did not begin to attend kindergarten until September of 1966. Her hours at kindergarten were from 9 a. m. to about 11:30 a. m. During 1966 no one contributed to the support of either Robert or Pamela except petitioner and the children's mother and stepfather. Neither of the children contributed anything to their own support. On their 1966 joint income tax return, petitioner and Elizabeth claimed dependency exemptions for Robert and Pamela. In the notice of deficiency, respondent disallowed the two claimed dependency exemptions on the ground that they did not furnish more than one-half of the support of either child during the taxable year. Virginia Brock also claimed exemptions for Robert and Pamela on the joint income tax return she and her husband filed for their taxable year 1966. Ultimate Finding of *110 Fact Petitioner did not provide more than one-half of the total support for Robert and Pamela during 1966. Opinion The only question presented is the factual one as to whether the ptitioner furnished more than one-half of the cost of the support of his two children, Robert and Pamela, in 1966 so as to entitle him to claim them for the purpose of dependency exemptions. During the year in issue, section 151(e) of the 1954 Code [1] *111 permitted an exemption of $600 for each of a taxpayer's dependents. The term "dependent" is defined in section 152(a) [2] *112 to include certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Section 152(a)(1) includes "[a] son or daughter of the taxpayer" among the individuals who can qualify for "dependent" status. Preliminarily, we note that petitioner urges us to determine the amounts of support furnished by his former wife, Virginia, who had custody of the two children and the stepfather, Ralph Brock, by using the record and conclusions of petitioner's prior case in this Court, , wherein the issue was whether or not he was entitled to a dependency exemption for Robert in 1965 and apply the amounts of support the Court found that Virginia Brock furnished for Robert in that year to both children and project those amounts forward into 1966. Suffice it to say the doctrine of res judicata is in no way applicable in the instant case. This proceeding is separate and apart from the prior case because the issue is entirely factual and a decision thereon must be based upon what happened in the taxable year involved. It is clear that Virginia's marital status has not remained static since the year 1965, factually or legally, and consequently there has been a sufficient *113 and material change in the economic circumstances of the parties involved to warrant a reexamination of the factual question. We will determine the issue herein on the record established in the instant trial, although the Court will take judicial notice of its own decision. (C.A. 5, 1951), certiorari denied ; ; , affd. (C.A. 9, 1960). Petitioner contends that he paid $3,034.24 for the support of Robert and Pamela during the calendar year 1966 which amount was more than half of the cost of their support during that year. A substantial part of what petitioner allegedly contributed to their support was based on estimates. We recognize, of course, that petitioner need not conclusively prove the precise total amount expended for the children's support; however, he must provide the Court with convincing evidence that the amount he provided exceeded one-half of that support. . Respondent concedes that the expenditures were made by petitioner in the *114 amounts claimed, but he has not conceded that all of the items aggregating this total amount represented support contributions. We conclude that certain items cannot properly be included in support. We have excluded the cost of the United States Savings Bonds, Series E, in the amount of $250 which petitioner contends he bought in 1966 for the future education of Robert and Pamela. While we do not question petitioner's intended use of the bonds and we are mindful that the separation agreement obligated him to make this provision, the bonds were not cashed or otherwise used to provide support for the children in 1966. Likewise we have excluded the cost of housing the two children in petitioner's home while they visited him which he estimated to be $101 for the two of them and the costs of transportation in the amount of $227 for the two children to return to their mother after their visitation with him. Items of this nature do not constitute support contributions. ; . See also . Taking all of the amounts at face value petitioner spent for support of his children which we have *115 allowed, and allocating them equally between the two children as petitioner did, the record shows that he contributed a total of $1,147.60 for the support of each of the two children. 756 In the course of attempting to prove the total support of each of his children in 1966, petitioner examined Ralph Brock in regard to the various items listed in a statement of expenses (Exhibit 2) which the Brocks allegedly incurred during 1966 in supporting the children involved. We have carefully considered the method Ralph Brock used to estimate the fair rental value of the furnished house on Caniff Road that the children's mother owned, and in which they lived for 5 1/2 months prior to her marriage to him, and found his estimate of $550 for each child to be reasonable. Likewise, we found his estimate of the fair rental value of $625 for each child for the new and larger house on Alloway Street where they lived during the remainder of the year to be realistic. Although the total amount for lodging during the year was estimated by Brock, petitioner did not adduce any affirmative evidence to refute his testimony in this regard, or to show that Brock's allocation of the fair rental value among all *116 the occupants of the houses involved was erroneous. Notwithstanding that Brock's valuation was predicated on an estimate, we believe that the fair rental value of the lodging furnished to the two children involved is a valid measure of the value of that item of support. . Also we note that the parties orally stipulated that the amounts the Brocks spent for telephone, gas, electricity, and water for each of the two children was a total of $165.15 per child for those items. In view of the fact that we have allowed the rental value of the housing as an item of support by the Brocks, we will not include the cost of utilities since the latter are already included in the fair rental value of the lodgings. However, our holding as to this item does not affect our ultimate conclusion. The parties stipulated that Virginia spent $70 to move from her house to a new and larger house at the time of her remarriage in 1966; but petitioner contests the propriety of allocating any part of that expense ($46.66) to the children's support. Under the circumstances, we believe that such expenditure would be a proper item of support. Petitioner at the trial refused to *117 stipulate that the total amounts which the Brocks allegedly spent during 1966 for each of the two children for clothing ($656.04), medical care ($223.79), education ($121.13), and miscellaneous items ($446.96) were disbursed in the amounts claimed. Petitioner on brief concedes that the amount purportedly spent for their medical care was reasonable, but maintains that the other items should not be allowed because the amounts involved were far in excess of those allowed by us for Robert's support during 1965 in , supra. For the reason stated with respect to the issue of res judicata hereinabove, and since petitioner did not introduce any cogent evidence to contradict such expenditures, we are satisfied that the Brocks spent the aforesaid amounts in dispute for the support of the two children in 1966. We reject petitioner's contention that the amount of $591 for each of the two children which the Brocks allegedly spent in 1966 for "baby-sitting" plus $47.92 in payment of social security taxes on the baby-sitter's wages were actually spent for a "combination maid and baby-sitter." We are mindful that Robert and Pamela were in school and kindergarten during part of the *118 time that the employee in question was at home. However, there is nothing in the record to show she had any other household duties than those of primarily caring for the needs of the children while their mother was at work. In our judgment, amounts paid for child care in order for the custodial parent to be gainfully employed are a part of a child's support. , affd. per curiam (C.A. 9, 1960). Petitioner contests the amount ($865.40) the Brocks allegedly spent for food for each of the two children during 1966. While petitioner does not dispute that Virginia spent a total of $1,127.73 for food for the two children and herself or $375.91 per person from January through June 1966, he contends that the amounts purportedly spent during the remainder of the year are inflated and unreasonable. The Brocks substantiation of this item consists mainly of grocery tapes and checks made out to the grocery company from which the tapes were obtained. It is petitioner's position that grocery stores sell many items other than food and that the tapes used to arrive at the Brocks' estimate for food purchased includes such items. In the same vein he argues *119 that the cancelled checks in some instances are duplications of the precise amount of the tapes and in other instances are rounded amounts which suggest that 757 these checks are for something other than simply grocery bills. Viewing the evidence most favorably for petitioner, and using double the figure which the parties agreed was spent for food during the first six months of the year, and then reducing this total by $62.50 for the one month the children spent with the petitioner in 1966, we find that the Brocks spent at least $720.57 for food for each of the children. This adjustment will not alter our ultimate conclusion. Considering the foregoing, it appears that petitioner in demonstrating the total amount provided for the support of the two children in 1966 has shown that at the very least the Brocks contributed $2,499.16 and $2,337.74 for Robert and Pamela, respectively. Based on the stipulation of the parties and our exclusion of certain amounts petitioner claims as items of support, it is clear that he fell short of providing one-half of the support of either child. There is no evidence in the record to show that the amount should be allocated otherwise than equally between *120 the two children. See . Petitioner's reliance on , affd. (C.A. 5, 1971), in support of his primary contention is inapposite. There the taxable years 1966 and 1967 were involved. Our statements in Labay are clearly not applicable herein since they refer to section 152(e)(B)(ii) of the 1954 Code which was not in effect in 1966, the taxable year involved herein. Also, the portion of Labay dealing with 1966 is not supportive of any proposition asserted by petitioner. We hold on this record that petitioner is not entitled to the dependency deductions claimed for his two children because he did not provide over half of the total support for either of them in 1966. Decision will be entered for the respondent. Footnotes
1. Sec. 151(e) Additional Exemption for Dependents - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. 2. Sec. 152(a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either.e 755 The petitioner has the burden of showing the amounts he contributed to his children's support and the total amount that was expended on such support. ; ; ; . Any inadequacies in the petitioner's evidence must of necessity work to his detriment. He has the burden of proving error in the statutory notice. ; Rule 32 of the Rules of Practice of this Court. See section 152(e), "Support Test in Case of Child of Divorced Parents, Etc." which was added to the 1954 Code by Public Law 90-78 in an attempt to ameliorate the problem of obtaining data from uncooperative former spouses. Since this new section is applicable only with respect to taxable years beginning after December 31, 1966, it is not discussed herein.
[3]↩